GIBNEY, ANTHONY & FLAHERTY, LLP
Brian W. Brokate, Esq. (BB 5830)
John Macaluso, Esq. (JM 2058)
Matthew W. Carlin, Esq. (MC 4902)
665 Fifth Avenue
New York, New York 10022
(212) 688-5151
Attorneys for Plaintiff
Rolex Watch U.S.A., Inc.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLEX WATCH U.S.A., INC.

           Plaintiff,

-against-

WORLD TIME OF NEW YORK, and
MAHESH GUPTA,

           Defendants.

CIVIL ACTION NO.

07 CIV 6814 (NRB)

### PRELIMINARY INJUNCTION UPON CONSENT

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), and Defendants World Time of New York and Mahesh Gupta ("Defendants") having agreed that a Preliminary Injunction (hereinafter referred to as "Preliminary Injunction Upon Consent") should be entered against Defendants and good cause appearing therefore,

IT IS ORDERED, ADJUDGED AND DECREED:

### FINDINGS OF FACT & CONCLUSIONS OF LAW

1.     This case arose under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1) and 15 U.S.C § 1125(a) for counterfeiting and infringement of trademarks registered in the United States Patent and Trademark Office, for unfair competition,

for the use in commerce of false designations of origin and false descriptions and representations, for dilution of world-famous trademarks, for common law trademark infringement and unfair competition, and violation of the common law of the State of New York. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367. The Court further has continuing jurisdiction to enforce the terms and provision of this Preliminary Injunction Upon Consent.

2. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

3. Defendant World Time of New York is a New York corporation with a principal place of business in this district at 1178 Broadway #2, New York, NY ("World Time").

4. Defendant Mahesh Gupta is an individual residing at 41 Jewett Avenue, Jersey City, New Jersey 07304 and doing business in this district at World Time of New York, 1178 Broadway #2, New York, NY.

5. Mahesh Gupta is the Chief Executive Officer of and directs, controls, ratifies, participates in, and/or is a moving force behind World Time of New York, Inc.

6. Plaintiff is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of Rolex's trademarks (hereinafter the "Rolex Watches").

7. Plaintiff is responsible for assembling, finishing, marketing and selling in interstate commerce high quality watches, watch bracelets and related products for men and women, all of which are sold with Plaintiff's warranty.

8. Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches.

9.      Rolex Watches are identified by the trade name "Rolex" and one or more of, but not limited to, the following trademarks owned by Rolex: ROLEX, PRESIDENT, Crown Device (design), DATEJUST, OYSTER, OYSTER PERPETUAL, GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA, DAYTONA, MONARCH, SEA-DWELLER, LADY-SUB, CROWN COLLECTION, OYSTERLOCK, EXPLORER, EXPLORER II, DANAOS, CESTELLO, ORCHID, TURN-O-GRAPH, AIR-KING and GMT-MASTER II

10.     Rolex is the owner of the following registrations in the U.S. Patent & Trademark Office ("USPTO"):

| Trademark | Reg. No. | Date | Goods |
|---|---|---|---|
| ROLEX (Stylized Text) | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and its cases. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches |
| 👑 Crown Device (design) | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, Clocks and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| LADY-SUB | 1,707,377 | 8/11/92 | Watches. |
| MONARCH | 1,726,667 | 10/20/92 | Watches. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |
| ROLEX | 1,753,843 | 2/23/93 | Jewelry. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| CROWN COLLECTION | 2,151,474 | 4/14/98 | Watches and Jewelry. |
| OYSTERLOCK | 2,159,623 | 5/07/98 | Watches and Watch Bracelets. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches |
| EXPLORER | 2,518,894 | 12/18/01 | Watches. |
| DANAOS | 2,562,495 | 4/16/02 | Watches. |
| CESTELLO | 2,595,572 | 8/16/02 | Watches. |
| ORCHID | 2,644,206 | 10/29/02 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| AIR-KING | 2,953,542 | 5/17/05 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/06 | Watches and parts thereof. |

(hereinafter collectively referred to as the "Rolex Registered Trademarks")  Printouts of the Rolex Registered Trademarks as on file in the USPTO's trademark database are attached to the Complaint as Exhibit 1

11. The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065, with the exceptions of CESTELLO, ORCHID, TURN-O-GRAPH, AIR-KING and GMT-MASTER II.

12. The Rolex Registered Trademarks and the Rolex trade name and the goodwill of the business associated therewith in the United States and throughout the world are of great and incalculable value, are highly distinctive and arbitrary, and have become associated in minds of the public with products and services of the very highest quality and reputation finding its source in Plaintiff.

13. Throughout the years, Rolex has supported the Rolex Registered Trademarks with a substantial investment in advertising, public relations, promotions and sponsorships. As a result, the Rolex Registered Trademarks have become well known and famous among the trade, and the public at large, in the United States and other parts of the world.

14. Through large expenditures of time, money and effort, Rolex has developed significant goodwill in the Rolex Registered Trademarks, which have become famous throughout the world.

15. Rolex has gone to great lengths to protect its name and enforce its trademarks.

16. Rolex has no adequate remedy at law.

17. Plaintiff has alleged that the Rolex Registered Trademarks have been counterfeited by Defendants in violation of Rolex's rights under 15 U.S.C. § 1114.

18. Plaintiff has alleged that the Rolex Registered Trademark have been infringed by Defendants in violation of Rolex's rights under 15 U.S.C. § 1114.

19. Plaintiff has alleged that the Defendants have competed unfairly with Rolex in violation of Rolex's rights under 15 U.S.C. § 1125(a).

20. Plaintiff has alleged that the Defendants' activities constitute Unfair Competition under the common law of the State of New York.

21.   Defendants enter into this Preliminary Injunction Upon Consent without admitting any liability.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

Defendants, their agents, servants, employees and attorneys and all persons acting in concert and participation with them, and their successors and assigns, jointly and severally be and hereby are, preliminarily restrained and enjoined from:

A.   Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

B.   Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and the Rolex Registered Trademarks;

C.   Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

D.   Further infringing the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

E.   Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in

such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

F.　Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or rented by Defendants are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

G.　Infringing any of the Rolex Registered Trademarks or of Plaintiff's rights in, or to use or to exploit, the Rolex Registered Trademarks, or diluting of Plaintiff's name, reputation or goodwill;

H.　Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

I.　Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H).

It is further ORDERED, that pursuant to 15 U.S.C. § 1116(d)(10)(B) and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiff be given expedited discovery of Defendants with respect to the manufacture, receipt and sale of merchandise, and containers and labels bearing Plaintiff's trademarks, including discovery of the source thereof, the creation of such trademarks, the

quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action

It is further ORDERED, that Defendants hereby acknowledge that proper service of process was made of the Summons, Complaint, Temporary Restraining and Seizure Orders, and the supporting documents to the Orders.

It is further ORDERED, that Defendants hereby waive any and all objections to personal or subject matter jurisdiction.

It is further ORDERED, that the seizure conducted at Defendants place of business on Friday, August 3, 2007 is hereby confirmed, and the counterfeit goods seized pursuant to the Court Seizure Order may be destroyed, as provided for in 15 U.S.C. § 1118.

It is further ORDERED, that the present action shall be unsealed in its entirety.

It is further ORDERED, that this Preliminary Injunction Upon Consent shall be deemed to have been served upon the Defendants at the time of its execution by the Court.

It is further ORDERED, that any act by the Defendants in violation of the terms or conditions of this Preliminary Injunction Upon Consent may be considered and prosecuted as a contempt of this Court and the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Preliminary Injunction Upon Consent, the enforcement thereof and the punishment of any violations thereof.

It is further ORDERED, that this Preliminary Injunction Upon Consent shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies

It is further ORDERED, that the Court expressly determines that there is no just reason for delay in entering this Preliminary Injunction Upon Consent, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: August 8, 2007

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO BY THE PARTIES VIA THEIR COUNSEL:**

GIBNEY, ANTHONY & FLAHERTY, LLP

DATED: August 7, 2007   By: _____
Brian W. Brokate
665 Fifth Avenue
New York, NY 10022
(212) 688-5151
(212) 688-8315 – fax
Counsel for Plaintiff Rolex Watch U.S.A., Inc.

GOTLIN & JAFFE

DATED: August 7, 2007   By: _____
Daniel Gotlin
100 Lafayette Street,
Suite 404
New York, NY 10013
(212) 966-5897
(212) 941-9183 fax
Counsel for Defendants World Time of New York and Mahesh Gupta