GIBNEY, ANTHONY & FLAHERTY, LLP
Brian W. Brokate, Esq. (BB 5830)
John Macaluso (JM 2058)
Matthew W. Carlin, Esq. (MC 4902)
665 Fifth Avenue
New York, New York 10022
(212) 688-5151
Attorneys for Plaintiff
Rolex Watch U.S.A., Inc.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROLEX WATCH U.S.A., INC.,

    Plaintiff,

-against-

WORLD TIME OF NEW YORK, INC. and
MAHESH GUPTA,

    Defendants.

---

CIVIL ACTION NO.

07 CIV 6814 (NRB)

**FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION**



WHEREAS

1. Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff") and Defendants World Time of New York ("World Time") and Mahesh Gupta ("Gupta") (collectively "Defendants"), having agreed that a Final Judgment Upon Consent and Permanent Injunction ("Consent Judgment and Permanent Injunction") should be entered between them and good cause appearing therefore; and

WHEREAS ~~IT IS ORDERED, ADJUDGED AND DECREED:~~

2. This case arose under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) for the counterfeiting and infringement of trademarks registered in the United States Patent and Trademark Office, for unfair competition, for the use in commerce of false designations of origin and false descriptions and representations, for dilution of world-famous trademarks, for common law trademark

infringement and unfair competition, and violation of the laws of the State of New York. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367. The Court further has continuing jurisdiction to enforce the terms and provision of this Consent Judgment and Permanent Injunction, and whereas the parties agree to the following

### FINDINGS OF FACT & CONCLUSIONS OF LAW

3. Plaintiff Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York 10022.

4. Defendant World Time is a New York corporation with a principal place of business located at 1178 Broadway #2, New York, NY (entrance on 28th Street) and has been doing business in the City and State of New York and has allegedly purchased and/or sold and/or distributed merchandise wrongfully bearing counterfeits of Rolex's federally registered trademarks.

5. Defendant Gupta is a New Jersey resident and is the sole shareholder of defendant World Time.

6. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of Plaintiff's trademarks described below. Rolex watches are identified by the trade name and trademark ROLEX and one or more of Plaintiff's trademarks.

7. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women.

8. Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, DAY-DATE, OYSTER, OYSTER PERPETUAL, GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA and DAYTONA on and in connection with watches, watch bracelets and related products (hereinafter collectively referred to as the "Rolex Trademarks")

9. The Rolex Trademarks are arbitrary and fanciful marks that are entitled to the highest level of protection afforded by law. The Rolex Trademarks are associated with Plaintiff in the minds of consumers, the public and the trade.

10. Rolex and its predecessors have used the Rolex Trademarks for many years on and in connection with Rolex watches and related products. The Rolex Trademarks identify high quality products originating with Rolex.

11. Based upon Rolex's extensive advertising, sales and the wide popularity of Rolex's products, the Rolex Trademarks have acquired secondary meaning so that any product and advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product and affiliate of Rolex.

12. Rolex has gone to great lengths to protect its name and enforce the Rolex Trademarks.

13. Rolex is the owner of the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Date | Goods |
|---|---|---|---|
| ROLEX (Stylized Text) | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and its cases. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches |
| ♛ Crown Device (design) | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, Clocks and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| LADY-SUB | 1,707,577 | 8/11/92 | Watches. |
| MONARCH | 1,726,667 | 10/20/92 | Watches. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |
| ROLEX | 1,753,843 | 2/23/93 | Jewelry |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| CROWN COLLECTION | 2,151,474 | 4/14/98 | Watches and Jewelry. |
| OYSTERLOCK | 2,149,623 | 5/07/98 | Watches and Watch Bracelets. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| EXPLORER | 2,518,894 | 12/18/01 | Watches |

| | | | |
|---|---|---|---|
| DANAOS | 2,562,495 | 4/16/02 | Watches. |
| CESTELLO | 2,595,572 | 8/16/02 | Watches. |
| ORCHID | 2,644,206 | 10/29/02 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| AIR-KING | 2,953,542 | 5/17/05 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/06 | Watches and parts thereof. |

(hereinafter collectively referred to as the "Rolex Registered Trademarks"). Printouts of the Rolex Registered Trademarks as on file in the USPTO's trademark database are attached to the Complaint as Exhibit 1

14. The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065, with the exceptions of CESTELLO, ORCHID, TURN-O-GRAPH, AIR-KING and GMT-MASTER II.

15 The Rolex Registered Trademarks and the Rolex trade name and the goodwill of the business associated therewith in the United States and throughout the world are of great and incalculable value, are highly distinctive and arbitrary, and have become associated in minds of the public with products and services of the very highest quality and reputation finding its source in Rolex

16. Throughout the years, Rolex has supported the Rolex Registered Trademarks with a substantial investment in advertising, public relations, promotions and sponsorships. As a result, the Rolex Registered Trademarks have become well known and famous among the trade, and the public at large, in the United States and other parts of the world.

17. Through large expenditures of time, money and effort, Rolex has developed significant goodwill in the Rolex Registered Trademarks, which have become famous throughout the world.

18. Rolex has gone to great lengths to protect its name and enforce its trademarks

19. Rolex has no adequate remedy at law.

20. Rolex has alleged that the Rolex Registered Trademarks have been counterfeited by Defendants in violation of Rolex's rights under 15 U.S.C. § 1114.

21. Rolex has alleged that the Rolex Registered Trademark have been infringed by Defendants in violation of Rolex's rights under 15 U.S.C. § 1114.

22. Rolex has alleged that Defendants and have competed unfairly with Rolex in violation of Rolex's rights under 15 U.S.C. § 1125(a).

23. Rolex has alleged that Defendants' activities constitute Unfair Competition under the common law of the State of New York.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

With no admission of liability on their part, Defendants, their agents, servants, employees and attorneys and all persons acting in concert and participation with them, and their successors and assigns, jointly and severally be and hereby are, permanently restrained and enjoined from:

    A. Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

    B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and the Rolex Registered Trademarks;

    C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

    D. Further infringing the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

E.   Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

F.   Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or rented by Defendants are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

G.   Infringing any of the Rolex Registered Trademarks or of Plaintiff's rights in, or to use or to exploit, the Rolex Registered Trademarks, or diluting of Plaintiff's name, reputation or goodwill;

H.   Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

I.   Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H).

It is further ORDERED, that this Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

It is further ORDERED that in the event that the Defendants are ever found by a court of competent jurisdiction, after notice and an opportunity to be heard, to be in breach of this Consent Judgment and Permanent Injunction, the parties agree that Rolex's damages in the present case shall be in the amount of Fifty Thousand Dollars ($50,000.00), representing Rolex's past damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and judgment shall be entered against the Defendant World Time, in that full amount.

It is further ORDERED that any act by the Defendants in violation of the terms or conditions of this Consent Judgment and Permanent Injunction may be considered and prosecuted as a contempt of this Court and the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Consent Judgment and Permanent Injunction, the enforcement thereof and the punishment of any violations thereof.

The Court expressly determines that there is no just reason for delay in entering this judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment jointly and severally against each person and entity herein referred to collectively as "Defendants."

This Consent Judgment and Permanent Injunction shall be deemed to have been served upon the Defendants at the time of its execution by the Court.

IT IS SO ORDERED.

DATED: April 1, 2008

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

GIBNEY, ANTHONY & FLAHERTY, LLP

DATED March 14, 2008   By: _____
Brian W. Brokate
665 Fifth Avenue
New York, NY 10022
(212) 688-5151
(212) 688-8315 – fax
Counsel for Plaintiff
Rolex Watch U.S.A., Inc.

GOTLIN & JAFFE

DATED: November 30, 2007   By: _____
Daniel Gotlin
100 Lafayette Street,
Suite 404
New York, NY 10013
(212) 966-5897
(212) 941-9183 fax
Counsel for Defendants World Time of New
York, Inc. and Mahesh Gupta

- 8 -

CONSENTED TO BY THE PARTIES:

The undersigned hereby consent to the entry of a Consent Judgment and Permanent Injunction in the form annexed hereto or in such other form as the Court may approve.

ROLEX WATCH U.S.A., INC

By: _____
~~John F. Flaherty~~ CHARLES BERTHIAUME
~~Secretary~~ SVP TECHNICAL OPERATIONS

WORLD TIME OF NEW YORK, INC.

By: _____
~~Mahesh Gupta~~
President

_____
MAHESH GUPTA

## ACKNOWLEDGMENTS

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NEW YORK    )

On this ___ day of _____, 2007 before me came ~~John F. Flaherty~~ *Charles Berthiaume* who acknowledged to me that he is the ~~Secretary~~ of Rolex Watch U.S.A., Inc., and that he executed the foregoing instrument on behalf of Rolex Watch U.S.A., Inc., with full authority to do so.
SVP Technical Operations

_____
NOTARY PUBLIC
ANGELO E.P. MAZZA
NOTARY PUBLIC, State of New York
No. 02MA4946306
Qualified in Queens County
Commission Expires January 27, ____

STATE OF NEW YORK     )
                      :ss.:
COUNTY OF NEW YORK    )

On this ___ day of _____ 2007 before me came Mahesh Gupta, *individually and as* President of World Time of New York, Inc., who acknowledged to me that he executed the foregoing instrument with full authority to do so.

_____
NOTARY PUBLIC
DANIEL GOTLIN
Notary Public, State of New York
No. 02GO6507370
Qualified in ~~Nassau~~ County
Commission Expires May 31, ~~1998~~ 2010